**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-281**

| | |
|---|---|
| **THE WELLNESS GROUP, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| **KING BIO, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**THIS MATTER** is before the Court *sua sponte* to ascertain subject matter jurisdiction.

The Plaintiff, The Wellness Group, LLC, alleges in the Complaint (#1, ¶ 6) that the Plaintiff is a limited liability corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in the State of Virginia.

Courts have an affirmative duty to question subject matter jurisdiction even when the parties have not done so. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001); Plyer v. Moore, 129 F.3d 728, 732 n.6 (4th Cir. 1997), *certiorari denied* 524 U.S. 945, 118 S.Ct. 2359, 141 L.Ed.2d 727 (1998); 28 U.S.C. §1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A limited liability

company is a citizen of all states in which its constituent members are citizens. Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). The Plaintiff has not disclosed in its Complaint the names of the constituent members or partners and their citizenships and therefore will be required to do so.

**IT IS, THEREFORE, ORDERED** that on or before December 10, 2012, the Plaintiff shall file a response disclosing the names and citizenships, if any, of all the constituent members or partners of The Wellness Group, LLC, and, for any such constituent members or partners that are limited liability companies or partnerships, to identify the citizenships of the respective constituent members or partners until all such constituents are fully identified.

Signed: November 19, 2012

Dennis L. Howell
United States Magistrate Judge