IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv281

| | | |
|---|---|---|
| THE WELLNESS GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KING BIO, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is the Motion to Compel [# 61]. Plaintiff moves to compel discovery responses from Defendant King Bio, Inc. ("King Bio") related to its 2012 federal tax returns. In addition, Plaintiff seeks leave of Court to reopen discovery to allow it to conduct further discovery related to Defendants' personal finances. Finally, Plaintiff seeks leave of Court to conduct further discovery in order to obtain the personal cell phone numbers and service providers for two of the Individual Defendants. Upon a review of the record, the Court **DENIES** the motion.

I.   **Background**

On November 19, 2012, this Court entered a Pretrial Order and Case Management Plan allowing Plaintiff and Defendant King Bio until July 1, 2013, to conduct discovery. On May 9, 2013, Plaintiff filed a motion seeking leave to file

1

an Amended Complaint adding several defendants and new claims. The Court struck the motion from the record because it failed to comply with the requirements of the Local Rules. (Order Striking Mot. Amend, Jun. 4, 2013.) Plaintiff also requested a sixty day extension of time to conduct discovery, which the Court granted in part and extended the discovery deadline until August 1, 2013. (Order Granting in part Mot. Extend Time, Jun. 4, 2013.) Subsequently, Plaintiff filed a second Motion to Amend that complied with the Local Rules. The Court granted the motion and allowed Plaintiff leave to file an Amended Complaint (Order Granting Mot. Amend, Jul 16, 2013), which Plaintiff filed on July 23, 2013. The parties then filed a Joint Motion for Discovery, which the District Court granted. (Order Granting Joint Motion for Discovery, Aug. 9, 2013.) In its Order, the District Court granted Plaintiff leave to take the depositions of Frank King and Suzie King and extended the discovery period until October 30, 2013, "for the limited purpose of allowing individual Defendants . . . to conduct discovery related to the new claims that have been asserted against them in the Amended Complaint." (Id. at 2.) On October 31, 2013, after the close of regular discovery and after the close of the limited extended discovery period, Plaintiff moved to compel Defendant King Bio to produce tax returns and to reopen discovery to obtain financial information for the Individual Defendants, as well as cell phone numbers and providers from two of the Individual Defendants.

## II. Analysis

As threshold matter, the Court finds that Plaintiff's motion, to the extent it seeks to compel Defendant King Bio to product tax returns or to compel the Individual Defendants to produce documents is untimely. Discovery motions such as motions to compel, motions to quash, or motions for protective orders seeking to limit the scope of discovery must be filed prior to the close of discovery. See Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); Synovus Bank v. Karp, Civil Nos. 1:10-cv-00172-MR-DLH, 1:10cv201, 1:10cv202, 1:10cv215, 1:10cv217, 1:10cv218, 1:10cv220, 1:10cv221, 1:10cv231, 2013 WL 4052625, at *1 (W.D.N.C. Aug. 12, 2013) (Reidinger, J.); Surrett v. Consolidated Metco, Inc., Civil No. 1:11cv106, 212 WL 1340548, at *2 (W.D.N.C. Apr. 18, 2012) (Reidinger, J.); Murphy v. Auto Advantage, Inc., No. 1:11cv11, 2012 WL 2878, at *1 (W.D.N.C. Jan. 5, 2012) (Howell, Mag. J.); Rudolph v. Buncombe Cnty Gov't, No. 1:10cv203, 2011 WL 5326187 (W.D.N.C. Nov. 4, 2011) (Howell, Mag. J.); Lane. v. Lucent Techs., Inc., No. 1:04cv789, 2007 WL 2079879 (M.D.N.C. Jul. 13, 2007). Accordingly, the Court **DENIES** the motion to the extent it seeks to compel Defendant King Bio to produce the tax returns or to compel the Individual Defendants to produce documents.

The Court also **DENIES** the motion to the extent it seeks to reopen the discovery period and obtain further discovery from the Individual Defendants.

Again, discovery in this case is closed. Discovery in this case has dragged on for approximately a year. Plaintiff has had ample opportunity to obtain the information sought during the discovery period or to file a motion seeking leave for additional discovery <u>prior</u> to the close of discovery. This Court will not reopen the discovery period that has been extended multiple times to allow Plaintiff leave to seek financial information that it could and should have obtained during the discovery period. Plaintiff previously conducted the deposition of two of the Individual Defendants, to the extent they refused to answer questions related to their net worth, Plaintiff could have filed a timely motion to compel these Defendants to answer these question. Plaintiff, however, failed to do so. Instead, Plaintiff waited until after the close of discovery to move the Court to reopen discovery and allow it an unspecified time to serve additional interrogatories, serve request for production of documents, and conduct further depositions of the Individual Defendants.

The time for obtaining additional discovery has passed, and the Court will not re-open discovery to allow Plaintiff to conduct further discovery. Plaintiff either should have obtained this discovery during the relevant discovery period or moved this Court during the ninety day extended time period for leave to serve additional interrogatories and discovery requests. The time has come to end the discovery period and move this case to resolution. Accordingly, the Court

**DENIES** the motion [# 61]. Discovery in this case is **CLOSED**. Summary Judgment motions are due November 21, 2013. No extension of the Summary Judgment deadline shall be granted by this Court.

### III. Conclusion

The Court **DENIES** the Motion to Compel [# 61].

Signed: November 1, 2013

Dennis L. Howell
United States Magistrate Judge