THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00281-MR-DLH

| | |
|---|---|
| THE WELLNESS GROUP, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> KING BIO, INC., DR. FRANK J. ) <br> KING, JR., SUZIE R. KING, DAVID ) <br> GERHARDT, and MICHAEL N. ) <br> WHITTAKER, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendants' Motion for Leave to File Documents under Seal [Doc. 67].

King Bio seeks leave to file under seal certain documents filed in support of its motion for summary judgment, including customer sales reports, accounts receivables, payment histories, invoice summaries, cash receipts reports, specific accounting practices, customer and prospective customer identities, and details related to specific customer negotiations and deals. These documents contain confidential and proprietary

information that is not otherwise available to the public. Similarly, Defendants Dr. King and Suzie King seek to file under seal documents containing information regarding their ownership interests in privately held entities; information regarding their personal accounting and finances; and information regarding the relationships, if any, between and among the privately held entities that they own. These documents contain confidential information that is not otherwise available to the public.

The Fourth Circuit has recognized that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984); see also Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) ("The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion."). Before sealing a court document, however, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to

seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motion. The Defendants filed their motion on November 21, 2013, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendants have demonstrated that the documents at issue contain certain proprietary and/or confidential business information, and that the public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is necessary to protect the Defendants' privacy interests.

The documents at issue shall be placed under seal for the remainder of this litigation. Upon conclusion of the case, with the Court's permission, the Defendants can retrieve all copies of the sealed materials from the Court's files.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Leave to File Documents under Seal [Doc. 67] is **GRANTED**.

**IT IS SO ORDERED.** Signed: December 10, 2013

Martin Reidinger
United States District Judge