THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00281-MR-DLH

| | |
|---|---|
| THE WELLNESS GROUP, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>KING BIO, INC., DR. FRANK J. )<br>KING, JR., SUZIE R. KING, DAVID )<br>GERHARDT, and MICHAEL N. )<br>WHITTAKER, )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' motions to file documents under seal [Docs. 83, 92].

Plaintiff The Wellness Group, LLC ("TWG") moves to file under seal Exhibits EE, GG, JJ, and KK, which were submitted in support of its opposition to the Defendants' motions for partial summary judgment. For grounds, TWG asserts that these exhibits contain sensitive financial information which is not publicly available and further is considered "Confidential Information" pursuant to the parties' Consent Protective

Order, which was entered on January 23, 2013 [Doc. 27]. Similarly, in their motion, the Defendants King Bio, Inc. ("King Bio"), Dr. Frank J. King, Jr., Suzie R. King, David Gerhardt, and Michael N. Whittaker move for leave to file under seal the Declaration of Dr. Frank King and certain TWG deposition excerpts, which are being filed in support of King Bio's brief in response to TWG's motion for partial summary judgment. For grounds, the Defendants state that these exhibits contain confidential and proprietary business information which has been designated as "Confidential Information" pursuant to the Consent Protective Order. No objection has been filed to either motion.

The Fourth Circuit has recognized that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984); see also Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) ("The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion."). Before sealing a court document, however, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to

object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motions. The parties filed their respective motions on December 9, 2013, and they have been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the documents at issue contain certain proprietary and/or confidential information, and that the public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is necessary to protect the parties' privacy interests.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to File Documents Under Seal [Doc. 83] and the Defendants' Motion for Leave to File Documents under Seal in Response to TWG's Motion for Partial Summary Judgment [Doc. 92] are **GRANTED**. The documents at issue shall be placed under seal until further Order of the Court.

**IT IS SO ORDERED.**     Signed: January 8, 2014

Martin Reidinger
United States District Judge